IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

———————————

IGNACIO MARTINEZ, SR. and
CHARLOTTE MARTINEZ,

      Plaintiffs,

      v.                                       Civ. No. 1:14-cv-00041 WJ-KBM

PAUL MARES, ROBERT GONZALES,
BLAIR JACKSON, in their individual capacities, and
THE CITY OF RATON

      Defendants.

**ORDER GRANTING PLAINTIFFS' MOTION TO CERTIFY DEFENDANTS' INTERLOCUTORY APPEAL AS FRIVOLOUS**

THIS MATTER comes before the Court upon Plaintiffs' Motion to Certify Defendants' Interlocutory Appeal as Frivolous, filed September 4, 2014 **(Doc. 53)**. Having reviewed the parties' briefs and applicable law, the Court finds and concludes that Plaintiffs' motion is well-taken and, therefore, is hereby GRANTED.

## BACKGROUND

The underlying incident began on December 23, 2012, when Plaintiff and his wife (77 and 80 years old, respectively) drove their car, a red Dodge Magnum, to the home of their grandson Jason Martinez to bring a Christmas present. The incident ended a short time later, with Defendants allegedly violating Plaintiffs' Fourth Amendment rights. With regard to the Fourth Amendment claims, Plaintiff Ignacio Martinez Sr. ("Plaintiff")[1] alleged that Defendants, police officers employed by City of Raton Police Department, forcefully arrested him even

---

[1] There are two Plaintiffs in this case, but the allegations regarding Plaintiff Ignacio Martinez Sr. form the basis for the underlying motions.

though the officers had no lawful reason to believe that he posed a threat either to the officers or to Jason. Plaintiff also contended that the pat down search was unreasonable because Defendants had no particularized and objective information amounting to reasonable suspicion to believe that he was armed.

The Complaint alleges other federal and state claims. The Court granted Defendants' motion for summary judgment on the basis of qualified immunity on the Fourth Amendment claims related to the initial stop, but denied the motion as to other claims brought under the Fourth Amendment. Doc. 42. The Court subsequently granted Plaintiffs' motion for partial summary judgment on claims asserted under the Fourth Amendment by Plaintiff Ignacio Martinez Sr. ("Plaintiff") which were related to his continued detention and the pat-down search (Doc. 48).

## DISCUSSION

Defendants filed a notice of appeal on August 28, 2014 (Doc. 50), and Plaintiffs now move the Court to certify the interlocutory appeal as frivolous.

**I.    Legal Standard**

Federal appellate courts possess jurisdiction to review only "final decisions" of the district courts. See 28 U.S.C. § 1291; *Johnson v. Jones*, 515 U.S. 304, 309 (1995). Nevertheless, trial court decisions denying public officials the defense of qualified immunity are immediately appealable in certain circumstances. *Mitchell v. Forsyth*, 472 U.S. 511, 528 (1985). At the summary judgment stage of a claim for qualified immunity, it is generally the district court's "exclusive job" to determine which facts a jury could reasonably find from the evidence presented to it by the litigants. After doing so, the district court and the Court of Appeals may then consider the abstract legal questions whether those facts suffice to show a violation of law

and whether that law was clearly established at the time of the alleged violation. *Lewis v. Tripp,* 604 F.3d 1221 (10th Cir. 2010); *Eastern Mountain Platform Tennis Inc. v. Sherwin-Williams Co.,* 40 F.3d 492, 500 (1st Cir. 1994) (when the district court order resolves issues of fact, not just discrete issues of law, then an interlocutory appeal is not well taken and should be certified as frivolous).

While an appeal from a denial of qualified immunity will normally divest a district court of jurisdiction, "[i]f the claim of immunity is a sham ... the notice of appeal does not transfer jurisdiction to the court of appeals, and so does not stop the district court in its tracks." *Stewart v. Donges*, 915 F.2d 572, 577 (10th Cir.1990) (emphasis in original); *U.S. v. Taylor,* 2009 WL 3348074, at 2 (D.N.M., September 29, 2009) ("A district court may retain jurisdiction over a case when an interlocutory appeal is taken (1) if the pending matter is not involved in the appeal and (2) if the district court makes written findings that the appeal is frivolous"); *Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989) (An appeal is frivolous if it is "a sham," "baseless," or "unfounded.").

**II.     Analysis**

Defendants claim that they challenge the way the Court applied the facts to the governing law, but there is no merit to this contention.  The Court concluded that the undisputed facts showed, and thus no reasonable juror would find otherwise, that the officers continued to detain Plaintiff even after reasonable suspicion to detain him had dissipated; and that the officers proceeded to conduct a weapons search despite no facts which suggested the Plaintiff was either armed and dangerous or that he had committed a crime.  The Court's findings and conclusions were based on clearly established Tenth Circuit law regarding the use of handcuffs during an investigative detention; law regarding an officer's right to continue to detain a suspect after

reasonable suspicion for the detention has dissipated, and law regarding the legal basis to conduct a pat down search in the absence of reasonable suspicion to detain the person and in the absence of reasonable suspicion that the person is armed and dangerous.  Appealable denials of qualified immunity rest upon "not which facts the parties might be able to prove, but, rather, whether or not certain given facts showed a violation of 'clearly established' law." *Johnson,* 515 U.S. at 311.  Here, there has been no assertion by Defendants that the law was unclear; they simply disapprove of the conclusions made by the Court in exercising its function reviewing the facts presented by the parties.

The Court denied Defendants' motion for partial summary judgment on the grounds of qualified immunity because Plaintiffs had presented material factual disputes on all of the Fourth Amendment issues, except for the initial stop.  An appeal of the Court's factual dispositions is not appropriate.  *See Johnson,* 515 U.S. at 319-20; *Fogarty v. Gallegos*, 523 F.3d 1147 1153-54 (10th Cir. 2008) (a defendant invoking a qualified immunity defense may not appeal a summary judgment order denying qualified immunity if the order is based upon the court's finding that a genuine issue of disputed material fact exists).  The Court then found in favor of Plaintiff on his motion for partial summary judgment on the issues of the continued detention and weapons search (pat down) because Defendants had failed to introduce *any* material facts at all.  A court's finding that a party has failed to introduce material disputes of fact does not constitute grounds for an interlocutory appeal under well-established case law.  Defendants have appealed the Court's decisions, not because of the Court's application of the facts to the governing law (which *would* be a permissible basis for interlocutory appeal), but rather because they do not agree with the way the Court resolved certain factual issues.

In arguing that the Court misapplied the facts to the governing law, Defendants focus on the facts which the Court had found worked in their favor in the context of the initial stop. The officers had previously received a report that Jason Martinez' father, who had violently assaulted Jason a month earlier, may have returned. Plaintiff had driven his car "aggressively" twice into Jason Martinez' driveway, honked the horn, and the second time had blocked Jason's attempt to leave his residence. The officers were responding to a possible threat and thus were authorized to determine whether Plaintiff's arrival posed a threat to Jason and whether Jason's father had indeed returned to harm him. The Court found that the officers were "clearly exercising their caretaking function" and thus were entitled to summary judgment on the initial stop. Doc. 42 at 16.

However, the community caretaking function goes only so far. After the initial stop, the facts unfolded in a manner demonstrating that any authority the Defendant officers had to stop Plaintiff in order to determine whether he was Jason Martinez' father, rather than his grandfather, dissipated quickly. Defendants cannot rely on the community caretaking function to circumvent Fourth Amendment law that governs whether officers may continue to detain individuals and to conduct a weapons search. The same facts that supported the initial stop cannot support the continued detention and pat down in these circumstances. The problem for Defendants is that the facts they presented in the context of the continued detention and pat down were either internally inconsistent or contradictory, or they literally supported Plaintiff's factual version case. The suspicion that provided the basis for the initial stop dissipated the moment the officers had no reason to believe that Plaintiff was armed and dangerous, had not committed a crime, and was not Ignacio Martinez, Jr., the person who violently assaulted Jason.

In their response to Plaintiff's motion to certify the appeal as frivolous, Defendants insist that Plaintiff "was detained for no longer than was needed to ensure he was not armed." Doc. 57 at 7.  This position is simply not borne out by any of the facts, as the Court has noted in its prior two Memorandum Opinion and Orders.   There was no legal basis for continued detention after Officer Gonzales arrived while Plaintiff was being handcuffed, and told the other two officers that they were detaining the wrong person; yet, as the Court found, Plaintiff was still detained:

> Even after being informed that Plaintiff was not Jason's father, Defendant Mares continued to detain Plaintiff in handcuffs. . . .  Doc. 48 at 7;[2]

> Defendants offered no evidence that they believed Plaintiff was armed at the time Plaintiff was handcuffed, and had observed no weapon in the car.  Doc. 48 at 5;

> In his deposition, Officer Mares admitted that once he was advised that Plaintiff was not Jason's father, he had no reason to detain Plaintiff.  Doc. 42 at 22;

> [Defendants] clearly knew prior to searching the Plaintiff for weapons that Plaintiff was not Jason's father, and therefore the reason for believing Plaintiff was possibly armed had been vitiated.  Doc. 42 at 22; and

> . . . it appears to be undisputed that Officers Gonzales and Jackson conducted the pat-down search while the officers were fully aware that Plaintiff was not Jason's father.  Doc. 42 at 10.

Thus, Defendants presented no facts from which a reasonable juror could infer that Defendants had a legal basis either to continue to detain Plaintiff or to conduct a pat down search for weapons.  In light of the governing Fourth Amendment law, there was no other conclusion the Court could make.  In their response to Plaintiff's to certify the appeal as frivolous, Defendants finally concede that Plaintiff was *not* "yelling" or "screaming" at the officers (Doc. 57 at 7), which in the underlying briefs they most certainly advanced as a reason to detain

---

[2]  The evidence on which the Court based these findings is included in the Court's decisions on the pages noted.

Plaintiff.[3]  *See* Doc. 48 at 14 (noting that Officer Mares' own deposition testimony was self-contradictory on the claim that Plaintiff was "yelling and screaming" at the officers, and that the Court was not "obligated to accept as true [his] statement that Plaintiff was 'yelling and screaming' when it is contradicted by his own statements elsewhere"); Doc. 48 at 14 (noting that the audiotapes reveal no yelling and screaming at all).

Accordingly, the Court finds that Plaintiffs' motion to certify Defendants' appeal as frivolous has merit.  Plaintiff and his wife are 77 and 80 years old, respectively, have significant health concerns not untypical for individuals of their age and, therefore, should not be subjected to further delay in the litigation of this case in district court.  As the old adage goes, "justice delayed is justice denied."

**THEREFORE,**

**IT IS ORDERED** that Plaintiffs' Motion to Certify Defendants' Interlocutory Appeal as Frivolous **(Doc. 53)** is hereby GRANTED for reasons described in this Order.

_____
UNITED STATES DISTRICT JUDGE

---

[3] It is a matter of some concern that Defendants' claim that Plaintiff was not complying with the officers' commands and required restraint was based in part on Officer Mares' deposition statement, made under oath, that Plaintiff *was* yelling and screaming.  *See* Ex. 31-1 at 14:19-22.  Defendants' late-coming concession only underscores the appropriateness of the Court's finding that Defendant Mares' statements were self-contradictory.