IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

IGNACIO MARTINEZ, SR. and
CHARLOTTE MARTINEZ,

    Plaintiffs,

v.                                                                       CIV 14-0041 WJ/KBM

PAUL MARES, ROBERT GONZALES,
BLAIR JACKSON, in their individual capacities,
and THE CITY OF RATON,

    Defendants.

**MEMORANDUM OPINION AND ORDER ON
PLAINTIFFS' MOTION TO COMPEL DISCOVERY
AND SPRINGER'S MOTION TO QUASH SUBPOENA**

**THIS MATTER** comes before the Court on the Non-Party Town of Springer's Motion to Quash Subpoena (*Doc. 79*), filed December 12, 2014, and Plaintiffs' Motion to Compel Discovery (*Doc. 80*), filed December 14, 2014. Having reviewed the motions, the memoranda and exhibits submitted by the parties and the relevant authorities, the Court finds that, for the reasons stated herein, Springer's Motion to Quash will be **granted in part and denied in part,** and Plaintiffs' Motion to Compel will be **granted with some limitations**.

**I.**     **BACKGROUND**

In their Amended Complaint, Plaintiffs bring claims against Defendants pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act ("Section 504"), and the New Mexico Tort

Claims Act.  *See Doc. 69.*  Plaintiffs also asserted § 1983 claims for unlawful search and seizure, excessive force, and retaliation for free speech.  *See id.*  The Court granted summary judgment in favor of Defendants on Plaintiffs' Fourth Amendment claims as to the officers' initial stop.  *See Doc. 42*.  Conversely, the Court granted summary judgment in favor of Plaintiff Ignacio Martinez, Sr. on his Fourth Amendment claim for his continued detention and pat down search.  *See Doc. 48.*  Plaintiffs' New Mexico tort claims, which survived summary judgment, include those for false arrest and imprisonment, battery, and unlawful search and seizure in violation of the New Mexico Constitution.  *See Doc. 69* at 17-19; *Doc. 42*.  Plaintiffs also assert a municipal liability claim against the Defendant City of Raton ("Defendant City") for failing to provide adequate training, supervision and/or discipline to the individual defendants.  *See Doc. 69* at 21-24.  Plaintiffs contend that Defendant City maintained an unwritten custom and practice that condoned violations such as those alleged by Plaintiffs.  *Id.* at ¶ 96.

Plaintiffs propounded written discovery requests on Defendant City and Defendant Paul Mares ("Defendant Mares") on October 8, 2014.  *See Doc. 80*, Ex. 1 & 2.  Defendants responded to these requests on November 26, 2014.  *See id.*  Plaintiffs' counsel attempted to resolve disputes over these responses informally, by sending a letter to Defendants' counsel on December 1, 2014.  *See Doc. 80* at 3.  The December 1, 2014 letter outlined certain deficiencies and asked Defendants to supplement discovery responses by December 9, 2014.  *Doc. 80*, Ex. 3.  The letter also invited a conference call with Defendants' counsel to work to resolve the discovery disputes in lieu of filing a motion to compel and

2

acknowledging that there were likely issues that could be resolved without such a motion.  *Id.*  According to Plaintiffs' counsel, he contacted Defendants' counsel on December 5, 2014, to inquire whether he had received the December 1, 2014 letter.  *Doc. 80* at 3.  Defendants' counsel apparently confirmed receipt of the letter and indicated that he would respond.  *Id.*  According to Plaintiffs' counsel, Defendants' counsel never responded to their letter or to their invitation to confer[1], which prompted Plaintiffs to file their Motion to Compel on December 14, 2014.  *See Doc. 80.*

Plaintiffs seek an order compelling the production of documents requested in Requests for Production 5, 13, 14, 15, 17, 18, 20, 21, 22, 23, 24, and 25, which the Court addresses below.  Plaintiffs also initially requested an order compelling Defendant Mares to more fully respond to Interrogatories 10 and 11, which sought particular salary information.  As noted by Plaintiffs, Defendant Mares simply failed to provide the requested salary information but asserted no objection to the request.  *Doc. 80* at 3.  After opposing Plaintiffs' motion with respect to these interrogatories and arguing that it was "inconceivable how this privileged information could be reasonably calculated to lead to the discovery of admissible evidence," (*Doc. 84* at 4), Defendant Mares apparently provided responsive information to Plaintiffs before they filed their reply brief (*Doc. 89* at 1).  While Plaintiffs' motion is now rendered moot in this respect, the Court notes that Defendant Mares' affirmative refusal to provide the requested salary

---

[1] Although Defendants' counsel did not respond to the December 1, 2014 letter, on December 12, 2014, he filed a Motion to Quash Subpoena on behalf of non-party Town of Springer.  *See Doc. 79.*  The subpoena to the Town of Springer sought the same salary information that Plaintiffs had requested in interrogatories to Defendant Mares.

3

information, even at the time of his response brief, was unproductive and indicative of a failure to participate in good faith efforts to informally resolve this discovery dispute.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery, providing that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. The party requesting discovery may move to compel the disclosure of any materials requested so long as such discovery is relevant and otherwise discoverable. *See* Fed. R. Civ. P. 37.

## III. ANALYSIS

Plaintiffs seek to compel the production of documents requested in twelve Requests for Production.

### Request for Production 5

Plaintiffs seek videotapes related to the incident that is the subject of this suit, including pre-detention interviews with Jason Martinez and Crystal Nance and tapes of the stop itself. *Doc. 80*, Ex. 2. Defendant City's responses do not respond in any manner to this request, nor do they assert objections. *See id*. In its response to Plaintiffs' Motion to Compel, Defendant City explains that no such

4

video tapes exist.  *Doc. 84* at 5.  Defendant City is ordered to provide a formal, sworn response to Plaintiffs' request so indicating.

### Request for Production 20

Plaintiffs seek copies of any complaints made against any member of the Raton Police Department from January 1, 2007 to the present date, by any citizen or any police officer of any government agency, alleging unreasonable search or seizure, false imprisonment, false arrest, assault or battery.  *See Doc. 80*, Ex. 2, at 5-6.  As with Request for Product 5, Defendant City offered no response to this request.  *See Doc. 80*, Ex. 2, at 6.  In its response brief, Defendant City argues that the request is overly broad and "not remotely tailored to any facts or circumstances which might have any relevance to the specific officers involved in this matter or the specific facts alleged and asserted." *Doc. 84* at 5.  While Defendant City concedes that it did not respond to Plaintiffs' request, it argues that the request was a mere reiteration of other requests to which it did respond.  *Id.*

Federal Rule of Civil Procedure 34 provides that for each Request for Production, "the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons."  Fed. R. Civ. P. 34(b)(2)(B).  Here, Defendant did neither.  While Rule 34 does not contain an explicit provision stating that failure to assert objections results in a waiver of any objections, some courts, including judges in this district, have determined that such a waiver is implied.  *See, e.g., Lucero v. Martinez*, 03cv1128 JB/DJS, at 4 (D.N.M. March 11, 2006); *Marx v. Kelly, Hart & Hallman,*

5

*P.C.*, 929 F.2d 8, 12 (1st Cir. 1991); *Krewson v. City of Quincy*, 120 F.R.D. 6 (D. Mass. 1988).

Defendant City does not address the issue of waiver of objections or attempt to establish good cause for its failure to object.  Under these circumstances, and in light of Plaintiffs' pending municipal liability claim, the Court will order Defendant City to produce copies of any complaints made against any member of the Raton Police Department from January 1, 2007 to the present date, by any citizen or any police officer of any government agency, alleging unreasonable search or seizure, false imprisonment, false arrest, assault or battery.

### Requests for Production 13, 14, 15, and 17

Plaintiffs seek "[a]ny and all documents of any nature" concerning themselves, Jason Martinez, Crystal Nance, or Ignacio Martinez, Jr. that were "generated prior to December 23, 2013 in the custody, possession or control of the Raton Police Department."  *Doc. 80*, Ex. 2 at 3-5.  Defendant City objected, contending that "[a]s phrased, the request is overly broad and unduly burdensome and requires an unreasonable effort by Defendant City of Raton to go back through all of its records including utility bills, property tax bills, etc."  *Id.*  Defendant City also indicated, however, that it would "respond to an appropriately limited request assuming that it reasonably relates to the facts of this case."  *Id.*  Based upon the representations of Plaintiffs' counsel, which have not been refuted by Defendants' counsel, Defendants' counsel never responded

6

to the invitation to confer in an effort to resolve this discovery dispute or engaged in efforts to fashion an appropriate limitation to this request.

In Defendants' response brief, Defendant City characterizes Plaintiffs' requests as for "'documents of any nature' generated by the City of Raton . . . including utility bills, property tax bills or other non-law enforcement documents." *Doc. 84* at 5. Defendant City explains that the Raton Police Department does not exist as a separate entity and notes that it is not a named defendant in this case. *Id.* at 5-6. Nevertheless, Defendant City indicates that it would be "happy to provide any law enforcement documents" for "a reasonable time frame," though it suggests no such time frame. *Id.*

Defendant City has effectively broadened the scope of Plaintiffs' discovery requests by applying them to documents in the possession or control of the City of Raton. By asking for documents in the possession or control of the **Raton Police Department**, Plaintiffs were clearly seeking documents created or relied upon for law enforcement purposes, not utility or property tax bills. As to relevance, Plaintiffs reference deposition testimony by law enforcement officers that two of the critical witnesses in this matter, Jason Martinez and Crystal Nance, were investigated for the use of methamphetamine. *Doc. 89*. According to Plaintiffs, both witnesses denied any involvement with methamphetamine or drugs at their depositions. *Id*. Plaintiffs contend that the documents requested may undermine and impeach these witnesses' deposition testimony and demonstrate the inability of Jason Martinez to accurately perceive events at the

7

time of the subject incident, which "may impeach the testimony of Defendant Mares" in turn. *Id.* at 4-5.

The Court concludes that Plaintiffs have adequately demonstrated the relevance of the requested discovery and that Defendants' objections, particularly without proposing any reasonable time frame or other limitations, are unpersuasive. The Court will order Defendant to produce the documents requested in Requests for Production 13, 14, 15, and 17.

**Requests for Production 18, 21, and 22**

In these requests, Plaintiffs seek "[c]opies of any and all complaints, whether verbal, or by letter, tort claim notice, or lawsuit," made against the individual Defendants (*Doc. 80, Ex. 2*, at 5, RFP 18), the internal Raton Police Department investigation into complaints against the individual defendants (*id.* at 6, RFP 21), and any disciplinary action taken as a result of the complaints (*id.*, RFP 22). Defendant City objects to these requests on the basis that they are overbroad and not calculated to lead to the discovery of admissible evidence. *Id.* at 5-6. Additionally, as to the request for documents concerning any internal police department investigation into complaints against the individual officers, Defendant City responds that "[n]o internal investigation was conducted in this matter." *Doc. 80*, Ex. 2 at 6. This statement is unresponsive to the request, which is for documents concerning investigations of "any and all complaints" made against the individual officers, even those outside of the subject incident. *See id.*

Notably, Plaintiffs have asserted a municipal liability claim against Defendant City, contending that it failed to adequately train, supervise, and discipline subordinate officers, which caused the violation of Plaintiffs' federal rights.  Additionally, they maintain that there was an unwritten custom or policy that condoned unlawful searches and seizures of citizens.  Authority cited by Plaintiffs, both binding and persuasive, indicates that complaints of similar conduct against subordinate officers in the municipality are discoverable for purposes of municipal liability claims; indeed evidence of other incidents of similar misconduct by subordinate officers is typically *necessary* to establish an unlawful custom or practice by the municipality.  *See, e.g., Romero v. Vigil*, 01cv00617 BB/RLP (D.N.M. Dec. 6, 2001) (ordering the sheriff's department to produce all documentation related to any citizen complaints against subordinate officers alleging unlawful searches, seizures, arrests, or use of force while handcuffing a citizen for the two-year period before the subject incident); *Chavez v. City of Albuquerque*, 13cv0557 WJ/SMV, Docs. 88 and Doc. 115 (D.N.M. 2014) (requiring the defendant police officers to produce documents concerning prior complaints against them that were similar to those alleged by the plaintiff for ten years prior to the filing of the complaint); *Watson v. City of Kansas City*, 857 F.2d 690, 695 (10th Cir. 1995) (holding that a plaintiff generally "must point to facts outside of the plaintiff's own case to support the allegations of an unconstitutional municipal policy").

Defendant City does not attempt to distinguish the authority upon which Plaintiffs rely, nor does it reference any contrary case law.  Instead, it asks the

Court to limit the scope and time of Plaintiffs' requests, but, again, proposes no particular limitations. *Doc. 84* at 6. Defendant City submits that "[a]s phrased, these Requests would ask for disciplinary issues regarding inappropriate overtime and other administrative matters which could not possibly be related to the issues raised in this litigation." *Id.*

Plaintiffs, on the other hand, maintain that the requests have inherent time limitations, given that each of the individual defendants were employed by Raton Police Department for approximately two years or less. *Doc. 89* at 5. Plaintiffs also clarify that they are only seeking "documents concerning matters of unlawful search and seizure, improper use of force, false imprisonment and false arrest." *Id.* at 5.

Given the limitation by Plaintiffs (i.e. to documents concerning matters of unlawful search and seizure, improper use of force, false imprisonment and false arrest) as well as the inherent temporal limitations, the Court concludes that Defendant City should be compelled to produce documents responsive to these requests. The documents produced should include any complaints that Plaintiff Ignacio Martinez Sr. made to Defendant City concerning the subject incident.

### **Requests for Production 23 and 24**

Plaintiffs seek copies of complaints against Defendant City from January 1, 2007 to the present by any citizen or government agency alleging disability discrimination as well as documents regarding investigations by Defendant City or federal or state agencies into complaints alleging disability discrimination.

*Doc. 80, Ex. 2*, at 6. Defendants object on the basis that the requests are over broad and not calculated to lead to the discovery of admissible evidence. *Id.*

Plaintiff Igancio Martinez Sr. alleges a claim against Defendant City for violation of the ADA and Section 504. *Doc. 69* at 19-21. In *Gohier v. Enright*, 186 F.3d 1216, 1219 (10th Cir. 1999), the Tenth Circuit held that there is no broad rule categorically excluding arrests from the scope of the ADA. *Id.* at 1221. The court went on to discuss two potentially viable theories under the ADA that have been recognized by other federal courts: the wrongful arrest theory and the reasonable-accommodation-during-arrest theory. *Id.* Thus, the Defendant City's liability under the ADA and Section 504 is an open question.

Plaintiffs argue that complaints and investigations of complaints of disability discrimination by Defendant City are relevant to its allegation that Defendant City failed to adequately train, supervise, and discipline its officers with respect to encounters with disabled citizen as well as its claim there is a pattern, practice, and acceptance of disability discrimination by Defendant City. *Doc. 80* at 20. Defendants, however, insist that "[w]hether and to what extent any other claims of disability discrimination were filed against the individual Defendants has no bearing on this case unless the inquiry is limited to a reasonable time frame and facts reasonably related to what has been alleged here." *Doc. 84* at 6. Once again, Defendants propose no particular limitations for responses to these discovery requests but ask the Court to impose "reasonable" limitations. *See id.*

11

The Court finds that the complaints and investigations of disability discrimination requested are relevant and discoverable for purposes of Plaintiffs' ADA, Section 504, and municipal liability claims to the extent that such claims arose in the context of an arrest. The Court agrees with Plaintiffs that a five-year limitation on the requests, proposed in their reply brief, is reasonable. Accordingly, Defendants are ordered to produce all documents responsive to Requests for Production 23 and 24 for the five years preceding the date of the requests insofar as such complaints arose in the context of an arrest.

**Request for Production 25**

Plaintiffs seek documents related to the termination of Defendants Jackson, Mares, and Gonzales from Defendant City. *Doc. 84* at 7 n.2. Defendants did not object to this request, but responded that "Defendants Jackson and Mares were not terminated." *Id.* Plaintiffs explained in their good faith letter to Defendants that the use of the word "termination" in this request referred "to the departure of the defendants from the Raton Police Department." *Doc. 80*, Ex. 3. Plaintiffs went on to note that the word "termination" was used by Defendant City to describe Defendant Jackson's departure date in a document that it provided to Plaintiffs. *Id.*

Defendants maintain that Plaintiffs' request was limited to claims that the individual defendants had been terminated by Defendant City, and they offer to submit documents for *in camera* inspection so that the Court may satisfy itself that the individual Defendants were not in fact terminated by Defendant City. *Doc. 84* at 7. The Court finds no *in camera* inspection necessary. Instead, the

Court will order Defendants to produce any documents related to the timing and reasons for the departure of Defendant Jackson and Defendant Mares[2] from the Raton Police Department.

### **Attorneys' Fees for Motion to Compel**

Plaintiffs have requested an award of attorneys' fees incurred in the filing of their motion to compel.  Federal Rule of Civil Procedure 37(a)(5) provides that when a motion to compel is granted, the Court generally must award the prevailing party its reasonable expenses, including attorney's fees, unless one of three exceptions applies.  Fed. R. Civ. P. 37(a)(5)(A).  None of the three exceptions applies here, as Plaintiffs have demonstrated that they attempted in good faith to obtain the discovery without the Court's involvement, Defendants' nondisclosures and objections were not substantially justified, and no other circumstances make the award of expenses unjust.

An award of attorney's fees is further justified by Defendants' counsel's apparent unwillingness to confer in good faith with Plaintiffs' counsel regarding the subject discovery disputes.  Federal Rule of Civil Procedure 37(a)(1) requires Plaintiffs to "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Fed. R. Civ. P. 37(a)(1).  Plaintiffs sent a good faith letter to Defendants and invited discussions as to outstanding discovery, making a follow-up call to Defendants' counsel a few days later.  Defendants' counsel apparently declined the offer to confer, opting instead

---

[2] The Court does not order the production of documents related to the timing and reasons for departure of Defendant Gonzales, as Defendant Gonzales apparently remains employed with Defendant City.  *See Doc. 89* at 7-8.

to leave the Court to decide the discovery dispute and to fashion limitations on document production.  Such actions by Defendants' counsel suggest that he did not engage in any good faith efforts to resolve the disputes informally, though Plaintiffs made some attempts to confer with him.

The Court believes that many, if not all, of the discovery disputes before it now could have been resolved without Court involvement had Defendants' counsel simply discussed the matters with Plaintiffs' counsel.  For instance, more than one of Defendants' objections to the production of discovery was merely as to the scope of Plaintiffs' requests rather than to the subject matter.  Plaintiffs, in their briefing, either agreed to limit the scope of these requests or demonstrated inherent temporal limitations in the requests.  However, these proffered limitations came only after the Court was required to expend considerable time and resources reviewing the parties briefing and considering their respective positions.  Under these circumstances, the Court finds an award of reasonable attorneys' fees against Defendants to be warranted.

Accordingly, Plaintiffs should prepare an affidavit and schedule detailing the costs incurred in bringing the present motion, including attorney's fees. Counsel should confer to determine if Defendants are amenable to paying the requested expenses without the Court's involvement.  If the parties cannot reach a resolution, Plaintiffs should file these documents with the Court, and Defendants' counsel can then articulate to the Court why they find the expenses objectionable.

**<u>Motion to Quash Subpoena by Non-Party Town of Springer</u>**

The Town of Springer ("Springer"), which is not a party to this suit, but which is also represented by counsel for Defendants, asks the Court to quash the subpoena that Plaintiffs' counsel served on it. *Doc. 79*. Springer contends that service of the subpoena upon the town was ineffective for several reasons, but the Court finds that it is unnecessary to address those technical issues.

The subpoena in question required Springer to produce by December 29, 2014, Defendant Mares' job application to its police department and documents related to his salary upon the commencement of employment with Springer. *See Doc. 79*, Ex. 1. According to Plaintiffs, they served this subpoena on Springer because Defendant Mares refused to answer interrogatories, namely Interrogatories 10 and 11, seeking this same salary information. *Doc. 83*. Thereafter, Plaintiffs advised in their Reply to their Motion to Compel that Defendant Mares had since provided the requested salary information. *Doc. 89* at 1. Given that Plaintiffs have now been provided the subject salary information, it appears that the subpoena is no longer necessary. Therefore, the Court will quash the outstanding subpoena to Springer based on mootness.

Because the Court quashes the subpoena for reasons unrelated to those asserted by Springer's counsel, the Court will deny Springer's request for reasonable costs and attorney's fees incurred in connection with the filing and prosecution of the motion.

Wherefore,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Compel (*Doc. 80*) is granted. By March 13, 2015, Defendants must provide the documents requested in Requests for Production 5, 13, 14, 15, 17, 18, 20, 21, 22, 23, 24, and 25, as limited herein.

**IT IS FURTHER ORDERED** that Defendants pay to Plaintiffs their reasonable expenses, including attorney's fees, associated with the preparation and prosecution of its Motion to Compel.

**IT IS FINALLY ORDERED** that the subpoena issued to the Town of Springer is hereby quashed.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE