IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

IGNACIO MARTINEZ, SR. and
CHARLOTTE MARTINEZ,

    Plaintiffs,

vs.                                                    No.  CIV 14-0041 WJ/KBM

PAUL MARES, ROBERT GONZALES,
BLAIR JACKSON, in their individual
capacities, and THE CITY OF RATON,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**OVERRULING "RESPONSE" TO MAGISTRATE JUDGE'S**
**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court upon Defendants' Response in Opposition to the Court's Memorandum Opinion and Order (Doc. 92) and Regarding Plaintiffs' Request for Attorney's Fees, filed March 16, 2015 **(Doc. 94)**.  Having reviewed the parties' briefs and applicable law, the Court finds that Defendants' requested relief is without merit and thus, is denied.

BACKGROUND

Plaintiffs in this case are suing Defendants for alleged violations of federal and state law during an incident which occurred on December 23, 2012 in Raton, New Mexico.  Plaintiffs also assert a municipal liability claim against the Defendant City of Raton ("Defendant City") for failing to provide adequate training, supervision and/or discipline to the individual defendants.  See Doc. 69 at 21-24.  The Defendant officers asserted the defense of qualified immunity.  The Court granted summary judgment in favor of Defendants on Plaintiffs' Fourth Amendment

claims as to the officers' initial stop. *See* Doc. 42. Conversely, the Court granted summary judgment in favor of Plaintiff Ignacio Martinez, Sr. on his Fourth Amendment claim for his continued detention and pat down search. *See* Doc. 48. Plaintiffs" New Mexico tort claims, which survived summary judgment, include those for false arrest and imprisonment, battery, and unlawful search and seizure in violation of the New Mexico Constitution. *See Doc. 69* at 17-19; Doc. 42. Following Defendants' filing an interlocutory appeal on September 22, 2014, Plaintiffs filed a Motion to Certify the Interlocutory Appeal as Frivolous, and the Court granted the motion. Doc. 58.[1]

In the Court's Memorandum Opinion and Order (Doc. 92) which triggered Plaintiffs' "response," Chief Magistrate Judge Karen B. Molzen compelled the production of material in response to various discovery requests propounded by Plaintiffs to Defendants. Judge Molzen found that "many, if not all, of the discovery disputes before it now could have been resolved with Court involvement had Defendants' counsel simply discussed the matters with Plaintiffs' counsel." Doc. 92 at 14. Judge Molzen noted that Defendants' counsel failed to engage in any good faith efforts to resolve the disputes informally, even though Plaintiffs had made several attempts to confer with him. Many of the requests were eventually limited in scope or temporal limitations, but the proffered limitations came only after the Court had spent considerable time and resources reviewing the parties' briefing and considering their respective positions. Judge Molzen concluded that an award of reasonable attorneys' fees against Defendants was warranted and ordered Plaintiffs to submit appropriate documentation supporting a request for fees and expenses. Doc. 92 at 14.

---

[1] Defendants appealed both this Court's certification of the appeal as frivolous, as well as the Court's allowing discovery to go forth pending resolution of the appeal. *See* Doc. 01019356356, 12/15/14 , Appl. Case  14-2153.

## DISCUSSION

Defendants style the instant pleading as a "response" when it is purportedly brought pursuant to Fed.R.Civ.P. 72(a).  Rule 72(a) provides that the district court shall consider objections made by the parties and shall modify or set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law. *See, e.g., Weekoty v. United States,* 30 F.Supp.2d 1343, 1344 (D.N.M. 1998).  A finding of fact is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.  *See, e.g., United States v. United States Gypsum Co.,* 332 U.S. 364, 395 (1948); *Ocelot Oil Corp. v. Sparrow Indus.,* 847 F.2d 1458, 1464 (10th Cir. 1988). When reviewing a question of law, however, the standard is *de novo.* Thus, the district court owes no deference to the magistrate judge's legal conclusions, and may substitute its own judgment on questions of law. *Weekoty v. U.S.*, 30 F.Supp.2d 1343, 1344 (D.N.M.,1998).

The problem here, as Plaintiffs have noted, is that Defendants' "Response" contains no specific objections to any part of Judge Molzen's Order.  Plaintiffs contend that this failure to present specific objections constitutes a waiver, and the Court agrees.  In lieu of seeking any modification of the rulings on discovery requests, Defendants request two kinds of relief:  (1) a stay of all discovery pending resolution of the matters before the Tenth Circuit on interlocutory appeal; and (2) relief from what Defendants believe are requests by Plaintiffs' counsel for "duplicative" and "excessive" fees.[2]

---

[2]  Judge Molzen also addressed Defendants' request to quash a subpoena directed to the Town of Springer, which she found to be moot, and which Defendants do not raise in their appeal.

A.	Discovery Stay is Not Warranted

Defendants fail to cite any legal support for their contention that they need not comply with discovery orders because of the concurrent pendency of the interlocutory appeal. On the other hand, there *is* legal support for rejecting Defendants' request.

"A district court may retain jurisdiction over a case when an interlocutory appeal is taken (1) if the pending matter is not involved in the appeal and (2) if the district court makes written findings that the appeal is frivolous." *Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989). *See* Doc, 58, p. 3. The Tenth Circuit currently has jurisdiction over Defendants' appeal, regardless of whether the issue is frivolous. *Arthur Andersen L.L.P. v. Carlisle,* 556 U.S. 624 (2009). However, the Tenth Circuit's jurisdiction does not affect the validity of the "dual jurisdiction" doctrine which grants special permission for the district court to exercise jurisdiction as well. *See Levin v. Alms & Assoc., Inc.,* 634 F.3d 260, 266 & n.2 (4th Cir. 2011); *see also Stewart v. Donges,* 915 F.2d 572 (10th Cir. 1990) (certifying appeal as frivolous allows district court to proceed).

The purpose of the frivolousness exception to the jurisdictional rule is to prevent misuse of interlocutory review. *See Stewart v. Donges*, 915 F.2d at 576. It has been noted that interlocutory appeals present a risk of abuse because the divestiture of jurisdiction rule would leave the trial court powerless to prevent intentional dilatory tactics by enabling a defendant unilaterally to obtain a continuance at any time prior to trial by merely filing a motion, however frivolous, and appealing the trial court's denial thereof. *U.S. v. Hines,* 689 F.2d 934, 936-37 (10th Cir. 1982). Thus, "it is the district court's *certification* of the defendant's appeal as frivolous or forfeited rather than merely the *fact* that the appeal is frivolous which allows the district court to retain jurisdiction to conduct a trial." *Stewart v. Donges,* 915 F.2d at 577-78 (to

regain jurisdiction following the filing of a notice of appeal, district court must take the affirmative step of certifying the appeal as frivolous or forfeited, and until that step is taken it simply lacks jurisdiction to proceed with the trial).

Accordingly, allowing discovery to continue in this case is legally correct.  Because there is no legal basis for Defendants' request to stay any of the rulings set forth in Judge Molzen's discovery Order, Defendants' appeal on this issue is denied.

B.      Objections to Plaintiffs' Request for Attorney's Fees and Costs

Defendants' counsel takes issue with the number of hours Plaintiffs' counsel spent on certain activities, Doc. 94 at 3-4, and objects to the basis for the fees because "the vast majority" of material requested was already produced.  Plaintiffs respond by defending that the time sheets and affidavits presented to the Court on the matter of fees and costs are both reasonable and necessary; and also claim that Defendants have produced "virtually no documents at all."  To the extent that Defendants appeal the amount of sanctions to be awarded based on their claim that they already produced a good number of information and documents, this objection is overruled.  Plaintiffs' position on what discovery was actually produced by Defendants appears to be consistent with Judge Molzen's detailed findings concerning Defendants' reluctance to produce any of the materials that are the subject of Plaintiffs' motion to compel, or to confer in an effort to resolve the discovery disputes; and Defendants have not presented the Court with any reason to modify these findings and conclusions.

In her Order, Judge Molzen concluded that an award of reasonable attorneys' fees against Defendants was warranted and ordered that:

> Plaintiffs should prepare an affidavit and schedule detailing the costs incurred in bringing the present motion, including attorney's fees. Counsel should confer to determine if Defendants are amenable to paying the requested expenses without the Court's involvement. If the parties cannot reach a resolution, Plaintiffs should

> file these documents with the Court, and Defendants' counsel can then articulate to the Court why they find the expenses objectionable.

Doc. 92 at 14.  It is clear that Judge Molzen's intention was to consider both Plaintiffs' counsel's submissions for fees and costs, as well as any objections Defendants' counsel might raise.  However, Defendants' counsel has avoided this step by raising objections for the first time in this appeal instead of allowing Judge Molzen to pass on the issue first.   The Court therefore declines to address this issue, confident that Defendants' counsel will not be reluctant to appeal Judge Molzen's decision should he feel it is necessary to do so.  Defendants are hereby directed to file any objections to Plaintiffs' counsel's fees and costs in a separate pleading, which will then be addressed by Judge Molzen.

## CONCLUSION

In sum, the Court finds and concludes that:

(1) Defendants have not raised any specific objection to any of Judge Molzen's discovery rulings; thus, Defendants have waived any objection to these findings.

(2) There is no legal basis for Defendants' request to stay any of the discovery rulings set forth in Judge Molzen's discovery Order; thus, Defendants' appeal is DENIED on this issue.

(3) The Court declines to address Defendants' objections to Plaintiffs' requested attorney's fees and costs.  Defendants shall file any objections to Plaintiffs' counsel's fees and costs in a separate pleading within fourteen (14) days of the entry of this Order, which will then be addressed by Judge Molzen.  Once Judge Molzen rules on any objections filed by Defendants and determines the amount of attorney's fees and costs to which Plaintiffs are entitled, then Defendants may appeal Judge Molzen's rulings provided they file written objections and seek District Court review in accordance with Fed.R.Civ.P. 72(a).

(4) Any other matter which can be considered an objection to Judge Molzen's Memorandum Opinion and Order (Doc. 92) is hereby OVERRULED as Defendants have failed to show that any of the findings and conclusions is clearly erroneous.

**THEREFORE,**

**IT IS ORDERED** that Defendants' counsel is DENIED any relief requested in their "Response" in Opposition to the Court's Memorandum Opinion and Order and Regarding Plaintiffs' Request for Attorney's Fees **(Doc. 94)** for reasons described in this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE