## IN THE UNITED STATES DISTRICT COURT

### DISTRICT OF NEW MEXICO

IGNACIO MARTINEZ, SR. and
CHARLOTTE MARTINEZ,

      Plaintiffs,

      v.                                    Civ. No. 1:14-cv-00041 WJ-KBM

PAUL MARES, ROBERT GONZALES,
BLAIR JACKSON, in their individual capacities, and
THE CITY OF RATON,

      Defendants.

### MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL DISCLOSURE OF LOCATION OF DEFENDANT JACKSON, OR IN THE ALTERNATIVE TO BAR HIS TESTIMONY.

THIS MATTER comes before the Court upon Plaintiffs' Motion to Compel Disclosure of the Location of Defendant Jackson, or in the Alternative, to Bar His Testimony, filed October 26, 2014 **(Doc. 70)**. Having reviewed the parties' briefs and applicable law, the Court finds that Plaintiffs' motion is well-taken and, therefore, is GRANTED.

This case has a long and contentious history, *see* Doc. 101, and the instant motion is no exception. Plaintiffs request that the Court compel the defense to disclose the location of Defendant Jackson so that Plaintiffs can serve him with the Complaint; or in the alternative, Plaintiffs move the Court to bar Defendants from calling Defendant Jackson as a witness at trial or otherwise using his testimony.

Plaintiffs have been unsuccessful thus far in their attempts to locate and serve Defendant Jackson, who is no longer employed by Defendant City of Raton as a police officer. Plaintiffs have followed various leads to find a valid address, and the motion tracks the chronology of the

search.  Doc. 70 at 2-3.   According to Plaintiffs, counsel for Defendants, Mr. James P. Lyle, initially represented that he might be able to accept service of the complaint on behalf of Defendant Jackson.  *See* Ex. 1 (e-mail from Richard Rosenstock to James Lyle).  Mr. Lyle later reversed course, claiming that he had no authority to disclose Defendant Jackson's whereabouts due to attorney-client privilege, yet provided Plaintiffs with what he claimed to be an address for Defendant Jackson's mother in Fresno, California, as a potential address to serve him.  This turned out to be an address for a Karen Johnson who told the process server that she had lived there for seven years, that it was not a current address for Defendant Jackson, and that he was unknown to her.   The Court then granted Plaintiffs' motion for additional time in which to seek discovery in order to ascertain Defendant Jackson's whereabouts.  Doc. 33.   In response to these discovery requests, Defendants provided Plaintiffs with a Denver, Colorado address left by Defendant Jackson when his employment with the City of Raton terminated—and which also proved to be useless.

   Plaintiffs' counsel's frustration arises from the belief that counsel for Defendants knows of the actual location of Defendant Jackson or that counsel could easily obtain the address, based on Mr. Lyle's initial willingness to accept service and his subsequent reluctance to provide an address based on attorney-client privilege.  As Plaintiffs' counsel note, counsel for Defendants has stated that the *Defendants* provided the information on the location they had on Jackson, but counsel has not gone further to state that *he* has provided all the information Defendant Jackson gave him.   Counsel for Defendants advised counsel for Plaintiffs to "comply with the Servicemembers' Civil Relief Act (50 U.S.C. §501) and the corresponding New Mexico statutes" based on a representation made to him that Defendant Jackson was in the military.  Ex. 5.   Even at this point, counsel for Plaintiffs were thwarted.   In order to determine the

2

applicability of these service-related federal and state statutes, counsel for Plaintiffs' sought information from counsel for Defendants concerning whether Defendant Jackson was actually on active military duty.  In response, Mr. Lyle stated that he had no further information to provide, and that he did not know for certain whether Defendant Jackson was deployed or not.   Mr. Lyle also stated that Plaintiff's counsel had inaccurately interpreted his former statement about Defendant Jackson's deployment, in that Mr. Jackson was only "*expecting* to be deployed for military service."   Ex. 7 (emphasis added).[1]

Counsel for Defendants contends that counsel for Plaintiffs should not be able to use their failure to serve Defendant Jackson as an excuse to bar his testimony.  That would be the case if Plaintiffs' failure to serve Defendant Jackson were not based on the circumstances that exist here.  Defendants—including counsel for Defendants—have supplied Plaintiffs' counsel with just enough information to keep them hopping in their attempt to serve Defendant Jackson, but not enough to actually succeed.  There is no indication that counsel for Plaintiffs have not been diligent in trying to locate Defendant Jackson.  The Court has come up with several scenarios, based on the facts here: either Defendant Jackson is serving on active duty in the military or he is keeping a low profile.   Counsel for Defendants either knows nothing at all of his client's whereabouts, or he has a fairly good idea but is relying on attorney-client privilege to remain close-mouthed about an exact location.  The Court cannot fathom how or why the attorney-client privilege would keep Mr. Lyle from disclosing his client's address for purposes of service, nor is Mr. Lyle forthcoming with a legal basis for that contention.  In any event, the Court's conclusion is the same:  given Plaintiffs' attempts to locate Defendant Jackson, counsel for Defendants cannot expect the Court to allow Mr. Jackson's testimony to be presented by other

---

[1]   Mr. Lyle's former statement to Plaintiff's counsel was that it was his "understanding is that Mr. Jackson was going to be deployed abroad for armed services duty." Ex. 5.

witnesses.  Because Plaintiffs have not been able to serve Defendant Jackson, Plaintiffs have been prevented from conducting direct discovery related to Defendant Jackson's role in this lawsuit. Even if counsel for Defendants has indeed provided Plaintiffs with all the pertinent information he has, such a prospect would be inequitable.  If, on the other hand, Plaintiffs' failure to locate Defendant Jackson is due to reluctance on the part of counsel for Defendants (as opposed to lack of information), then preclusion of Defendant Jackson's testimony would be an appropriate consequence to a failure to comply with the Court's discovery Order.  *See* Rule 37(b)(2)(A)(i) (prohibiting disobedient party from introducing designated matters in evidence).  As Plaintiffs note, the instant motion does not seek to bar Defendant Jackson from litigating the claims against him, prejudice him as a defendant, or to revoke any of his rights as a defendant, but only seeks to prevent other defendants from using his testimony if counsel for Defendants will not reveal the information he has represented is protected by the attorney-client privilege.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Compel Disclosure of the Location of Defendant Jackson, or in the Alternative, to Bar His Testimony **(Doc. 70)**, in that counsel for Defendant shall provide Plaintiffs' counsel with Defendant Jackson's exact location or address **within twenty (20) days of the entry of this Order.**  If counsel for Defendants fails to do so, Plaintiffs' counsel shall so advise the Court by formal pleading, at which time the Court shall enter an Order precluding use of Defendant Jackson's testimony in all proceedings in this matter.

_____
UNITED STATES DISTRICT JUDGE