IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

IGNACIO MARTINEZ, SR. and
CHARLOTTE MARTINEZ,

    Plaintiffs,

v.                                                        CIV 14-0041 WJ/KBM

PAUL MARES, ROBERT GONZALES,
BLAIR JACKSON, in their individual capacities,
and THE CITY OF RATON,

    Defendants.

**MEMORANDUM OPINION AND ORDER ON
CITY OF RATON DEFENDANTS' MOTION TO COMPEL AND
AMENDED MOTION TO EXTEND DEADLINES**

**THIS MATTER** comes before the Court on City of Raton Defendants' Motion to Compel (*Doc. 100*), filed April 6, 2015, and City of Raton Defendants' Motion to Extend the Current Scheduling Deadlines Set by the Court's Scheduling Order of October 6, 2014 (*Doc. 102*), filed April 10, 2015. Having reviewed the motions, the memoranda and exhibits submitted by the parties, and the relevant authorities, the Court finds that, for the reasons stated herein, both motions will be denied.

**I. LEGAL STANDARD**

Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery, providing that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence,

description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The party requesting discovery may move to compel the disclosure of any materials requested so long as such discovery is relevant and otherwise discoverable. *See* Fed. R. Civ. P. 37.

Scheduling Order deadlines, such as the deadline for discovery, may only be modified for good cause and with the judge's consent. *See* Fed. R. Civ. P. 16(b)(4). To demonstrate good cause under Rule 16, the party seeking to extend deadlines must "show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006). The decision as to whether to modify the Scheduling Order "is committed to the sound discretion of the trial court." *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987).

II. ANALYSIS

    A. Defendants' Motion to Compel

Defendants seek an order compelling Plaintiffs to provide copies of Plaintiff Ignacio Martinez, Sr.'s medical and non-medical military records. Defendants articulate two purposes for the requested records: (1) to demonstrate that Plaintiff exaggerated his injuries from being forcibly handcuffed and (2) to show that he was not severely injured in the service and that he

exaggerated his claims regarding military service. Defendants explain that they want to investigate Plaintiff Ignacio Martinez Sr.'s claims that he is a disabled veteran who fought honorably in the Korean War.

Plaintiff Ignacio Martinez, Sr. did not object to disclosing his military medical records. As to his non-medical military records, however, he insists that those records, which are more than 50-years old, are not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff Ignacio Martinez, Sr. insists that Defendants have failed to provide sufficient facts to demonstrate that he exaggerated his military service.

Notably, Defendants did not certify in their motion that they conferred in good faith with Plaintiffs pursuant to D.N.M.LR-Civ. 7.1 or Fed. R. Civ. P. 37(a)(1). Local Rule 7.1 provides that a "[m]ovant must determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied." D.N.M.LR-Civ. 7.1. Here, Defendants omit any recitation of a good-faith request for concurrence to their Motion to Compel, and therefore risk summary denial. Additionally, in the context of discovery motions, Fed. R. Civ. P. 37(a)(1) goes even further, requiring "certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Defendants do not make this certification in their Motion to Compel. Indeed, Plaintiffs contend, and Defendants do not dispute, that Defendants' counsel did nothing to attempt to resolve the discovery dispute before filing the subject motion.

According to Plaintiffs, Defendants' counsel merely called the office of Plaintiffs' counsel to ascertain Plaintiffs' position on the Motion to Compel. Plaintiffs' counsel, in contrast, sent a letter to Defendants' counsel, asking for some explanation as to the relevance of the discovery sought and the legal basis for its discoverability.  *Doc. 104*, Ex. 1.  Plaintiffs' counsel even indicated that he would be "willing to reconsider [Plaintiffs'] position after having some information as to how these records could possibly be relevant."  *Id.*  Defendants' counsel ignored Plaintiffs' counsel's invitation to discuss the discovery dispute, opting instead to file the formal motion and commencing what would become extensive briefing, including seven separate filings,[1] on the discoverability of Plaintiff Ignacio Martinez, Sr.'s military records.

Not only did Defendants' counsel fail to adequately confer with counsel before filing the Motion to Compel, it appears that he likewise failed to confer with counsel throughout the entire course of briefing related to Plaintiff Ignacio Martinez Sr.'s military records.  For example, Defendants' counsel did not communicate informally with Plaintiffs' counsel about problems he encountered obtaining records from the Veteran's Administration ("VA").  Instead, he alleged in his Reply brief that Plaintiffs had overridden and canceled the records request. In short, although Defendants' counsel was advised on March 17, 2015, that the VA required a new records request, and Plaintiff Ignacio Martinez, Sr. had offered to execute a new release, Defendants never asked Plaintiffs' counsel to

---

[1] These filings include Defendants' Motion to Compel (Doc. 100), Plaintiffs' Response (Doc. 104), Defendants' Reply (Doc. 108), Plaintiffs' Motion to Supplement (Doc. 111), Plaintiffs' Notice of Provided Release (Doc. 112), Defendants' Response to the Notice of Provided Release (Doc. 113), and Plaintiffs' Reply to the Motion to Supplement (Doc. 117).

4

provide one. Had Defendants' counsel simply communicated with and cooperated with Plaintiffs' counsel in obtaining the VA records, this issue could have been resolved without Court involvement. Indeed, after the filing of Defendants' Reply brief, Plaintiffs' counsel arranged for a new release for Plaintiff Ignacio Martinez, Sr., which according to Plaintiffs' April 30, 2015 Notice of Medical Release has now been provided to Defendants' counsel (*Doc. 113*).

It bears mentioning that this Court previously awarded attorneys' fees against Defendants in connection with Plaintiffs' Motion to Compel (*Doc. 80*), reasoning that such an award was justified in part "by Defendants' counsel's apparent unwillingness to confer in good faith with Plaintiffs' counsel regarding the subject discovery disputes." *Doc. 92* at 13. The Court concludes, once again, that Defendants' counsel failed to meet his obligation to confer in good faith regarding the discovery dispute at issue here. This failure alone provides a basis for denying Defendants' Motion to Compel.[2]

Although the Court could deny Defendants' Motion to Compel solely on the basis of Defendants' failure to comply with Fed. R. Civ. P. 37(a)(1), the Court finds that denial is also proper based upon the merits of the motion. Defendants have not established that their request for Plaintiff Ignacio Martinez, Sr.'s non-medical military records is reasonably calculated to lead to the discovery of admissible evidence. Although Defendants indicate that it is their belief that Plaintiff Ignacio Martinez, Sr. did not fight in any armed conflict in the Korean

---

[2] The Court is troubled by this pattern of Defendants' counsel of failing to confer with opposing counsel in good faith and cautions Defendants' counsel that he risks the imposition of harsh sanctions imposed against him personally should this practice continue.

5

War, this position is not inconsistent with Plaintiff's own representation that, while serving in the Marine Corps during the Korean War, he injured himself in a training exercise (i.e. amphibious landing practice), suffering serious cervical and head injuries. *See Doc. 31*, Ex. 4, at ¶ 3; *see also Doc. 111* at 2.

Defendants apparently rely upon the deposition testimony of Jason Martinez, Plaintiff Ignacio Martinez, Sr.'s grandson, to establish the relevance and discoverability of the non-medical military records. Jason Martinez's testimony, provided to the Court by Plaintiffs, is as follows:

> Q. Then you started calling [Plaintiff Ignacio Martinez, Sr.] a coward and talking about his war record with him?
> A. Correct.
> Q. You called him a coward.
> A. Correct.
> Q. Because his war record you said, was –
> A. It's a lie.
> Q. What's a lie about his war record?
> A. Well, I don't know. I'll –
> Q. Do you hate your grandfather?
> A. Negative.
> Q. Why did you call him a coward about his war record, his military record? Just angry with him?
> A. I wasn't angry. I was shocked at the lies; and now me as a victim, two people representing him to sue the police, and I'm the victim. And I am.

*Doc. 104*, Ex. 5. Although Jason Martinez did testify that his grandfather's war record was "a lie," he was unable to explain why he made this allegation or to enumerate any particular falsities associated with his grandfather's military service. Instead, he expressed his frustration with the concept that he was "the victim," but that his grandfather had "two attorneys representing him." Plaintiff Ignacio Martinez, Sr., on the other hand, has provided documentation that he was honorably discharged from the United States Marine Corps in 1962, *see*

6

*Doc. 111,* Ex. 1, and that the VA determined that he was 100% disabled, *see Doc. 104*, Ex. 3.  Additionally, Plaintiff has executed releases for his medical military records, which will include records related to the injuries he sustained in the training exercise.

As to Plaintiff's medical military records, Defendants suggest in their Reply brief that this issue has not been entirely resolved even though Plaintiffs agreed at the time of the initial request to provide those records.  Defendants contend that Plaintiff overrode/canceled a request to the VA for these records.  This allegation by Defense counsel prompted Plaintiffs to file a Motion for Leave to Supplement and Correct the Record, accompanied by a Declaration of Plaintiffs' counsel.  *Doc. 111.*  Therein, Plaintiffs and their counsel explain that they wrote to Defendants' counsel on March 15, 2015, informing him that Plaintiff Ignacio Martinez, Sr. was contacted by the VA regarding Defendants' request for his medical records and had mistakenly instructed the VA not to release them.  The letter went on to explain that Plaintiff Ignacio Martinez, Sr. immediately contacted his attorney regarding this conversation with the VA, at which time Plaintiffs' counsel instructed him to call the VA and to request that the records be released to Defendants.  The letter informed Defendants that when Plaintiff did so, he was advised that a new records request would be required before the records could be released. *Doc. 104*, Ex. 4.  Two days later, Plaintiffs' counsel followed up, offering to provide another medical release to Defendants, limited in scope to Plaintiff Ignacio Martinez, Sr.'s military medical records, if the release already provided did not suffice.  *Doc. 111,* at 3.  Thereafter, Plaintiffs filed a Notice of

7

Provided Medical Release on April 30, 2015, indicating that Plaintiff Ignacio Martinez, Sr. had provided a new medical release to Defendants to assist them in obtaining his medical records from the VA.  Defendants oppose Plaintiffs' Motion to Supplement, asking the Court to deny that motion and to strike Plaintiffs' Notice of Provided Medical Release.  According to Defendants, both were unnecessary, as the issues had been "adequately explained."

The Court disagrees with Defendants and will grant Plaintiffs' Motion to Supplement and deny Defendants' request to strike Plaintiffs' Notice.  Both the motion and notice are helpful for resolution of the portion of Defendants' Motion to Compel that addresses Plaintiff Ignacio Martinez, Sr.'s medical military records.  Because Plaintiffs have now provided Defendants with a new release for his military medical records and have adequately explained Plaintiff Ignacio Martinez Sr.'s prior mistake in disallowing the release of these records, the Court finds that it need not compel such discovery at this time.

### B.  Defendants' Amended Motion to Extend Deadlines

On April 2, 2015, Defendants filed a motion entitled "City of Raton Defendants' Unopposed Motion to Extend the Current Scheduling Deadlines Set by the Court's Scheduling Order of October 6, 2014."  *Doc. 98.*  Thereafter, Plaintiffs filed their response, indicating that the motion was not in fact unopposed.  *Doc. 99.*  Defendants then filed an Amended Motion to Extend Deadlines.  *Doc. 102*.  On May 15, 2015, this Court granted that amended motion "to the extent of the parties' agreement that Defendants' Expert Disclosures are due 5/1/15, Deposition of Parties' Experts are due 5/15/15, Pretrial Motions are

due 5/25/15, and the Proposed Pretrial Order is due to the Court on 7/31/15." *Doc. 120.* The Court explicitly reserved ruling on Defendants' opposed request to extend the discovery deadline. *Id.*

In their Amended Motion to Extend, Defendants explain that they understood there to be an agreement with opposing counsel regarding the extension of the discovery deadline as well as all other pretrial deadlines. Moreover, they contend that "Discovery issues are still pending before the Court and Defendants do not believe any prejudice or delay will be suffered" by an extension of the discovery deadline. *Doc. 102* at 2.

In response, Plaintiffs maintain that the scope of the agreement as to extensions was limited to deadlines for expert disclosures, dispositive motions, and the pretrial order and did not extend to the discovery deadline. Plaintiffs insist that there was no discussion of extending the April 3, 2015 discovery deadline. As to that deadline, Plaintiffs' position is that there is no good cause for an extension, as the 180-period provided adequate time for completion of discovery in this case.

In reply, Defendants ask the Court to enter a new scheduling order with a new discovery deadline, arguing that three key issues mitigate against closing discovery: (1) the Tenth Circuit is considering whether and to what extent Defendants are entitled to qualified immunity; (2) Plaintiff Ignacio Martinez, Sr. has attempted to block Defendants from obtaining relevant discovery; and (3) the Court should consider evidence regarding whether and to what extent Plaintiffs' counsel, Mr. Rosenstock, previously agreed to extend the discovery deadline.

9

First, since the completion of briefing on Defendants' Amended Motion for Extension, Defendants' appeal of this Court's denial of qualified immunity was decided by the Tenth Circuit Court of Appeals.  On June 2, 2015, the Tenth Circuit affirmed this Court's decision and declined to reach the issue of whether this Court properly retained jurisdiction during the appeal.  *Martinez v. Mares*, No. 14-2153, Order and Judgment, at 7 n.8, 18 (10th Cir. June 2, 2015).  Second, as discussed herein, Plaintiff Ignacio Martinez, Sr. has now provided a new medical release to assist Defendants in obtaining his medical military records from the VA, and this Court is satisfied that it is not his intent to obstruct the release of those records to Defendants.  Finally, regardless of whether Mr. Rosenstock initially indicated his agreement to extend the discovery deadline, which he denies, the Court finds that Defendants have failed to establish good cause for extending the discovery deadline.   Defendants offer no explanation as to what efforts they made to complete discovery within the 180-day discovery period or why discovery could not be completed in that period.  Nor do Defendants specify the discovery they were unable to complete.  While Defendants indicate that discovery issues are "still pending before the Court," those issues, presumably related to Plaintiff Ignacio Martinez, Sr.'s military records, are resolved herein.  For all of these reasons, the Court denies Defendants' request to extend the discovery deadline in this matter.

**Wherefore,**

**IT IS HEREBY ORDERED** that City of Raton Defendants' Motion to Compel (*Doc. 100*) is denied.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Leave to Supplement (*Doc. 111*) is granted.

**IT IS FURTHER ORDERED** that City of Raton Defendants' Amended Motion to Extend the Current Scheduling Deadlines Set by the Court's Scheduling Order of October 6, 2014 (*Doc. 102*) is denied to the extent that Defendants seek an extension of the discovery deadline.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE